JIROCH v. TRAVELERS' INSURANCE CO.

INSURANCE—ACCIDENT INSURANCE—PHYSICAL INJURY.

In an action on a policy of insurance against accident, not covering loss caused by disease in any form, evidence examined, and *held*, to support a verdict for plaintiff, against the contention that the weight of the evidence showed that gangrene and the consequent amputation of plaintiff's leg was not caused by a burn accidentally received, but by diabetes from which plaintiff was suffering before being insured, but which the evidence showed had been cured.

Error to Muskegon; Russell, J. Submitted June 6, 1906. (Docket No. 14.) Decided July 23, 1906.

Assumpsit by Francis Jiroch against the Travelers' Insurance Company on a policy of insurance. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Cross, Lovelace & Ross*, for appellant.
*Nims, Hoyt, Erwin & Vanderwerp*, for appellee.

GRANT, J. Plaintiff recovered a verdict and judgment

for $1,773.91 against the defendant, upon a policy of insurance insuring against accident. Plaintiff met with an accident in a hot-air bath by which his feet were burned. The burn was not at first considered serious. His physician treated the injury, but gangrene soon developed, rendering it necessary to first amputate two toes and finally to amputate one leg about half way between the knee and the ankle. It is conceded that the judge correctly instructed the jury as to the law. The only alleged error which is important to discuss is that based upon the refusal of the court to grant a new trial, upon the ground that the verdict was contrary to the weight of the evidence. The policy contained a provision that the insurance covered thereby shall not "cover accident, injury, death, loss of limb or sight, or disability resulting wholly or partly, directly or indirectly, from intoxication, or while intoxicated, from or while violating the law, or from disease in any form, or from the bites or stings of insects, or from medical or surgical treatment (except amputations necessitated solely by injuries, and made within 90 days after accident)."

The court at the request of the defendant instructed the jury as follows:

"The contract of insurance entered into by and between the defendant and the plaintiff provides, among other things, that this insurance shall not cover accident, injury, death, loss of limb, sight or disability, resulting wholly or partly, directly or indirectly from disease in any form. This was a stipulation parties had a right to enter into, and I charge you as a matter of law that the amputation for which the plaintiff seeks to recover in this action must have been caused solely by the accident he claims to have received, and not directly or indirectly, or wholly or in part from any disease with which he was suffering at the time he received the injury.

"I charge you as a matter of law that although the plaintiff sustained the accident for which he seeks to recover in this case, yet if, at the time it occurred, he was suffering from a pre-existing disease or bodily infirmity, and the accident alone would not have caused or necessi-

tated the amputation of the foot if he had not been affected with a disease or infirmity, plaintiff cannot recover.

"I charge you as a matter of law that if you find from the evidence in this case that the amputation of plaintiff's foot was made necessary because the accident which he claims to have received aggravated the effects of a pre-existing disease, or the disease aggravated the effects of the accident, the express contract between the parties was that the insurance company should not be liable, and plaintiff cannot recover.

"I charge you that if you find from the evidence in this case that the amputation of plaintiff's foot was made necessary because of the accident which he claims to have received, aggravated the effects of a pre-existing disease, or the disease aggravated the effects of the accident, then in such case the amputation would not be the result of the accident alone, but it would be caused partly by the disease and partly by the accident, and the contract between the parties exempted the defendant from liability therefor, and plaintiff cannot recover."

Counsel for the defendant claims that the plaintiff at the time of the application for and the issuance of the policy and at the time of the accident, was afflicted with diabetes, and that the gangrene and amputation necessitated thereby were the result of the disease, and not of the accident. The evidence of the physicians on the part of the plaintiff as well as of the defendant showed that there are three forms of diabetes, one of which is curable. Plaintiff gave evidence showing the existence of sugar in the plaintiff's urine before the issuance of the policy; that it was the form that was curable, and that his physician then pronounced him cured of the disease. After the amputation an analysis of the urine showed the presence of sugar. There was evidence tending to show that a shock such as that suffered by the plaintiff was liable to cause diabetes. Defendant's own physician diagnosed the gangrene as being traumatic; i. e., caused by the wound. It would be of no profit to the parties or to the profession to extend this opinion into a detail of the evidence. The evidence was ample to justify the finding of the jury that the plain-

tiff was not afflicted with diabetes when he applied for and received his policy, and that the disease which developed subsequent to the accident was attributable to it.

. Judgment affirmed.

CARPENTER, C. J., and McALVAY, HOOKER, and MOORE, JJ., concurred. ·