BEDILIA WARD, APPELLEE, V. ÆTNA LIFE INSURANCE COM-
PANY, APPELLANT.

FILED NOVEMBER 19, 1909.   No. 16,275.

1. **Insurance: INSTRUCTIONS.** In an action on a policy of accident in-
surance, which provides that the company shall be liable for the
death of the assured resulting from bodily injuries effected
through external, violent and accidental means which, independ-
ently of all other causes, produced his death, it is error to in-
struct the jury that there may be a recovery under such policy
if they find that the death resulted proximately and as the
moving cause of the accident, where "there were other causes
that accelerated, or, even being added, resulted in death."

2. **Appeal: INSTRUCTIONS.** And when such an instruction has been
given, and the jury while considering of their verdict request a
further instruction from the court as to whether or not they
are permitted to render a verdict for the plaintiff if they find
that the death of the assured "was caused by the sum of the two
causes," the court should answer said request, "No"; and a re-
fusal so to do, when requested by defendant, is reversible error.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Reversed.*

*Greene, Breckenridge & Matters,* for appellant.

*John M. Macfarland* and *Weaver & Giller, contra.*

FAWCETT, J.

This case is before us for the second time. Our former
opinion by Mr. Commissioner CALKINS, 82 Neb. 499, con-
tains a fair statement of the case. It is true the testimony
of some of the physicians, notably that of Dr. Smith,
makes the case somewhat stronger for defendant. Still,
on the whole record, we are again constrained to hold that
we cannot determine as a matter of law that there was

not sufficient evidence to take the case to the jury. The district court instructed the jury prior to the argument of the case by counsel. Defendant by its second instruction requested the court to charge the jury as follows: "The only question in this case is whether the death of Frank Ward resulted solely from bodily injuries effected through external, violent and accidental means which, independently of all other causes, produced his death. You are instructed that there is no presumption that the death of Frank Ward resulted from the accident which he sustained August 1, 1905, and the burden of proof rests upon the plaintiff to establish by the preponderance of the testimony that the accident of August 1, independently of all other causes, produced Ward's death on the 17th of August following; and, if you find that the death of Ward resulted from sickness which would not have been fatal but for the lowered vitality which followed his injury, the sickness, and not the lowered vitality, was the cause of the death, and your verdict in such case will be for the defendant." The court refused to give the instruction, but gave in lieu thereof its instruction numbered $6\frac{1}{2}$, as follows: "$6\frac{1}{2}$. You are instructed that there is no presumption that the death of Frank Ward resulted from the accident which he sustained August 1, 1905, and the burden of proof rests upon the plaintiff to establish by the preponderance of the testimony that the accident of August 1, independently of other causes, produced Ward's death on the 17th day of August following; and, if you find that the death of Ward resulted from sickness which would not have been fatal but for the lowered vitality which followed his injury, the sickness, and not the lowered vitality, was the cause of the death, and your verdict in such case will be for the defendant."

The arguments were not concluded on the day the instructions were given. On the coming in of court on the following morning, the court, on its own motion, gave to the jury instruction numbered $6\frac{3}{4}$, as follows: "$6\frac{3}{4}$. You are instructed that as to instruction $6\frac{1}{2}$ further you are

not to construe instruction $6\frac{1}{2}$ as meaning that there could be no recovery in case you should find that the death resulted proximately and as the moving cause from the accident of August 1, 1905, because there were other causes that accelerated, or, even being added, resulted in death. If the cause of death was later sickness as a moving cause, accelerated by a weakened condition resulting from the accident that was not the moving cause, then there can be no recovery. If the cause of death was the accident, its results being quickened or accelerated by later conditions, then there may be recovery. This instruction is added to those previously given by reason of the words 'independent of other causes' in their relative use in said $6\frac{1}{2}$."

The giving of this instruction was error. The court in the first paragraph thereof says: "You are not to construe instruction $6\frac{1}{2}$ as meaning that there could be no recovery in case you should find that the death resulted proximately and as the moving cause from the accident of August 1, 1905, because there were other causes that accelerated, or, even being added, resulted in death." We think the court went too far in using the words "or, even being added, resulted in death." If a beneficiary under an accident policy can add other causes than those resulting from the accident and base a recovery upon the death of the assured from such added causes, there would be no limit to the liability of an accident insurance company, and the conditions in its policy would be valueless. That these words had great weight with the jury is evident from what occurred after they had retired to consider of their verdict. After the jury had been out for some time they returned into court and propounded the following question: "To the Court: Your Honor: Does the first paragraph of instruction No. $6\frac{3}{4}$ permit the jury to render a verdict for the plaintiff if they find that the death of Frank Ward was caused by the sum of the two causes?" This question shows unusual intelligence on the part of the jury in considering instructions given by

the court. When the question was asked, defendant's counsel requested the court to answer the question, "No." This the court refused to do, and indorsed upon defendant's request, and also upon the request of the jury, the following: "The court, concluding that the point has been sufficiently charged with reference thereto, does not instruct further." This was error. Plaintiff was not entitled to recover if death was caused by the sum of these two causes, and the court should have answered the question of the jury, "No," as requested.

The evidence upon which a liability on the part of the company is claimed is of so unsatisfactory a character that the trial court should exercise great care in instructing the jury as to the law of the case. Other points are discussed at some length, but we think they are all fairly covered by our former opinion.

For the errors above indicated, the judgment of the district court is reversed and the cause remanded for further proceedings in harmony herewith.

REVERSED.

LETTON, J. I concur in the result because I am of opinion that the evidence does not sustain the verdict.

REESE, C. J., dissenting.

I do not contend that the judgment of the district court should be affirmed, but I cannot agree that there was error in the instructions given, nor in refusing to give the ones not given. I think instruction numbered $6\frac{1}{2}$ fully and correctly stated the law. Neither can I agree that the court erred in giving instruction numbered $6\frac{3}{4}$. If the *cause* of the death was the accident referred to, the fact that the result was quickened or accelerated by later conditions would not relieve the defendant. In order to have that effect I think the cause of the death should be the "later conditions." If the accident were of so serious a nature as to *cause the death*, it would make no difference

if other conditions, not sufficient to cause the death, should intervene, even though they rendered the prospect of recovery more doubtful, or quickened or accelerated the dissolution.

I also think the district court did not err in refusing to answer the question propounded by the jury. They had been sufficiently and properly instructed upon that point. To have answered "No" would have been equivalent to saying that "if there were anything else the matter" with deceased at the time of his death there could be no recovery. If the accident was the proximate (nearest) cause of the death the defendant would be liable, notwithstanding there might be other conditions which might quicken or hasten the decease. Ailments of even a trivial nature might, when added to the cause, hasten the end and yet defendant be liable. In that event the death would be owing, in a sense, to the sum of the causes, at least that might and probably would have been the construction the jury would have adopted. When we consider the instructions already given it seems clear to me that the court had gone far enough.