AARON T. PENN v. STANDARD LIFE AND ACCIDENTAL INSURANCE COMPANY.

(Filed 23 December, 1911.)

1. Insurance—Policy Contracts—Meaning Plain—Ambiguity—Interpretation.

When the terms of a policy of insurance are expressed in language free from ambiguity or doubt as to their meaning, there is nothing left to construction and the policy will be enforced against the insured, in accordance with its plain meaning and intent, as it is written, unless fraud or public policy should intervene.

2. Insurance—Accident—Policy Contracts—Independent and Direct Cause—"Proximate Cause"—Interpretation of Contracts.

When under the express terms of a policy of insurance the insurer is only liable when an injury results from accidental means

"directly and independently of all other causes,"· the rule of proxi-ʼ mate cause, as applied to actions of negligence, will not apply, and the plaintiff, in his action on the policy, cannot recover, under the contract, if some other cause than the policy specifies is also and independently instrumental in producing the injury complained of.

### 3. Same—Instructions.

In an action upon an accident insurance policy for the loss of an eye, the policy provided that the insurance should only be "against bodily injuries effected, directly and independently of all other causes, through external, accidental, and violent means." There was evidence tending to show the loss of the eye was through an accident to plaintiff in falling from a train, and, also, that the plaintiff, at the time of the alleged injury, had a cataract on that eye which would have resulted eventually in destroying it. A charge held correct, that if the jury find that the' plaintiff fell from the car and was thereby injured, and that this injury was soon thereafter followed by loss of sight, and that the condition of the plaintiff's eye at that time was such that, independent of the injury, he would have ultimately lost his sight, which falling from the car merely hastened, he could not recover.

APPEAL by plaintiff from *W. J. Adams, J.,* at March Term, 1911, of ROCKINGHAM.

The facts are sufficiently stated in the opinion of the Court by *Walker, J.*

*Morehead & Morehead and Sapp & Williams for plaintiff.*
*G. S. Bradshaw and T. H. Calvert for defendant.*

WALKER, J. The defendant issued to the plaintiff an accident policy which insured him against "the irrecoverable and entire loss of one eye," in the sum of $2,500, with the proviso that the insurance should only be "against bodily injuries effected, directly and independently of all other causes, through external, accidental, and violent means."

Plaintiff alleged that he fell from a train and was so injured that he lost the sight of one eye. There was evidence tending to cast some suspicion on his statement that he had accidentally fallen, but, in the view we take of the case, it is not necessary to further refer to it or make any comment upon it. There was also evidence tending to show that at the time of the fall he had

a cataract on the eye that he alleges was injured, which would have resulted eventually in destroying it, and the plaintiff introduced evidence to the contrary.

The case turns upon the construction of the language in the policy which we have quoted, and with reference to it and the evidence as to the cataract, the court charged the jury as follows:

"The court charges you that if you find that the plaintiff fell from the car and was thereby injured, and that this injury was soon thereafter followed by a loss of sight, and you further find that the condition of the plaintiff's eye at that time was such that, independent of that injury, he would ultimately have lost his sight, and that this injury, falling from the car, merely hastened the loss of his sight, in that event you will not find that the injury was caused directly and independently of all other causes through external, accidental, and violent means; but if you find from the evidence, and by the greater weight of it, that the plaintiff has suffered the entire loss of sight of his eye; that the loss of his sight is irrecoverable; that the loss was caused directly and independently of all other causes, through external, accidental, and violent means, your answer to the second issue will be 'Yes.' If you do not so find, your answer will be 'No.'"

The plaintiff excepted to this instruction. There was a verdict for the defendant, and judgment having been entered thereon, the plaintiff appealed.

If the instruction was a correct one, and we think it was, the rule for a new trial was properly discharged. When the terms of a policy are free from uncertainty or ambiguity, they "should be understood in their plain, ordinary, and popular sense," and it is only when "any provision, condition, or exception" is "uncertain or ambiguous in its meaning or is capable of two constructions" that it "should receive that construction which is most favorable to the insured." 1 Cyc., pp. 243, 244; May on Insurance, sec. 172. As long as parties who are capable of so doing shall be permitted to make their own contracts, it is the plain duty of the court to enforce them as they are written, unless fraud or public policy shall intervene. *Binder v. Acci-*

*dent Association,* 127 Iowa, 25 (35). While the rule is thoroughly settled that policies of this and like character are to be construed liberally, and that ambiguous provisions, or those capable of two constructions, should be construed favorably to the insured and most strongly against the insurer, plain, explicit language cannot be disregarded, nor an interpretation given the policy at variance with the clearly disclosed intent of the parties. Taking the policy in the case at bar by its four corners, it will admit of but one construction. *White v. S. L. and Accident Insurance Co.,* 95 Minn., 77. In *Carr v. P. M. Life Insurance Co.,* 100 Mo. App., 602, the Court said that the question of proximate and immediate cause is not raised under the conditions of a policy which in terms excludes disease or bodily infirmity, and which could have no more force than the general provision, "independent of all other causes." See, also, *C. T. Mut. Association v. Fulton,* 79 Fed. Rep., 423. If the jury had found that the injury was caused by the sum of two causes, that is, that the accident and the preëxisting cataract and diseased condition of the eye were together responsible for the subsequent blindness, the plaintiff could not have recovered, as the injury must have resulted from the accident, "independent of all other causes."

In *White v. S. L. and Accident Insurance Co.,* 95 Minn., 77, the policy, in terms, had reference to injuries or death resulting "solely from such injuries as the proximate cause thereof," and provided that the insurance did not cover accident or death "resulting wholly, or partly, directly or indirectly, from bodily or mental infirmity, or disorder, or disease in any form." In that case, the Court said: "Similar policies have been before both the State and Federal courts, and the consensus of judicial opinion is that, subject to the exceptions contained in the policy, if the injury be the proximate cause of death, the company is liable, but if an injury and an existing bodily disease or infirmity concur and coöperate to that end, no liability exists. If, however, the injury be the cause of the infirmity or disease—if the disease results and springs from the injury—the company is liable, though both coöperate in causing death. The distinction made in this particular is found in that class of

cases where the infirmity or disease existed in the insured at the time of the injury, and, on the other hand, that class of cases where the disease was caused and brought about by the injury. And even in cases where the insured is afflicted at the time of the accident with some bodily disease, if the accidental injury be of such a nature as to cause death solely and independently of the disease, liability exists. The rule of proximate cause, as applied to actions of negligence, cannot be applied in its full scope to contracts of this nature." See, also, *M. C. Co. v. Glass,* 29 Texas Civ. App., 159.

*Ward v. Ætna Life Insurance Co.,* 85 Neb., 471, was an action on a policy which permitted recovery only when the injury or death resulted from accidental means "independently of all other causes," and the Court said: "Plaintiff was not entitled to recover if death was caused by the sum of these two causes."

We may thus summarize another case:

"It is conceded that the disease of appendicitis, with its consequences and complications, caused the death of the insured, but the real question of fact lies further back, and is, whether the fall against the dashboard, acting independently of any other cause, produced this disease. If the insured recovered from his former attacks of this disease, so that it no longer existed in his body, and there was only a susceptibility to have it in case a proper exciting cause should arise, and in this case the fall against the dashboard proved to be such exciting cause, the case would be one for recovery under the policy; but if because of the former attacks there was not merely a susceptibility to a further attack, but the actual disease itself existed, liable to be rendered active and virulent by an injury such as that suffered by the insured, in that event the active disease which resulted in death would not be regarded as the result of the fall alone, but as the joint result of the fall and the latent disease, and hence there could be no recovery under the policy." *N. A. Casualty Co. v. Shields,* 155 Fed. Rep., 54.

In still another important case a similar ruling was made: "If Shyrock suffered an accident and his death was caused by that alone, the association agreed by its certificate to pay the

promised indemnity. But if he was affected with a disease or
bodily infirmity which caused his death, the association was not
liable under this certificate, whether he also suffered an accident
or not. If he sustained an accident, but at the time it occurred
he was suffering from a preëxisting disease or bodily infirmity,
and if the accident would not have caused his death if he had
not been affected with the disease or infirmity, but he died be-
cause the accident aggravated the effects of the disease, or the
disease aggravated the effects of the accident, the express con-
tract was that the association should not be liable for the amount
of this insurance. The death in such case would not be the
result of the accident alone, but it would be caused partly by
the disease and partly by the accident, and the contract ex-
empted the association from liability therefor." *N. M. Acci-
dent Association v. Shyrock,* 73 Fed. Rep., 774. The policy in
that case contained a clause similar to the one we have quoted
from the policy upon which this suit was brought.

In *Binder v. Accident Association, supra,* the policy provided
that it must appear that the death or disability was "purely
accidental and the direct result of an accident, and that the acci-
dent was the sole and only cause of the said member's death or
disability." The Court said: "If it be true, as the jury might
have found under the evidence, that the diseased condition of
the arteries aggravated the effect of the accident, if there was
one, and contributed to the disability occasioned thereby, then,
under the express terms of the contract, there was no liability
on the part of the association." If two causes, disease and acci-
dent, coexist and concur, though unequally, in causing a loss,
it could not well be said that either the one or the other of
them was the sole and independent cause. This, of course,
would not be so if the accident itself was the cause of the
disease. *Freeman v. M. Accident Association,* 156 Mass., 351,
17 L. R. A., 73, was an action on a policy containing a pro-
vision similar to the one in the policy upon which this suit
was brought. Speaking to the question now under discussion,
the Court said: "The question as to whether peritonitis, if that
caused his death, is to be deemed a disease within the meaning
of this policy, so far as to prevent a recovery, depends upon the

question whether or not, before the time of the fall, and at the time of the fall, he had then the disease—was then suffering with the disease. If he was, then, in the sense of the policy, although the disease was aggravated and made fatal by the fall, he cannot recover." See *C. T. Accident Association v. Fulton,* 79 Fed. Rep., 423.

There is some conflict in the authorities, but we believe that those best considered hold with the courts whose decisions we have cited.

The charge of the court placed the vital issue fairly and squarely before the jury and they have found the facts against the plaintiff, which means that he had a cataract at the time he fell, if he did fall, and that it united actively and efficiently with the fall in producing the unfortunate result.

In some cases, where the words "proximate cause" have been used in the policy to describe the causal connection between the accident and the resultant injury, some courts have held that the words thus employed to express the nature of the risk should be construed according to their common and accepted meaning, as adopted and approved in law under like conditions and circumstances, and as thus interpreted they refer to the efficient cause from which the injury results, whether such cause produces the injury directly or through the medium of an intervening cause or agency, which it sets in motion, and which are then united by close causal relation to each other; and this rule was applied to a case in which it appeared that the insured sustained an accidental fall which caused an abrasion of the skin of his leg, with the result that blood poisoning set in and death ensued, and it was very correctly held that the evidence should be submitted to the jury to find whether the death resulted proximately and solely from the fall. And some, at least, of the cases cited by appellant's counsel may be harmonized with our decision in this case by adverting to the distinction pointed out in those cases. *Cary v. P. A. Insurance Co.,* 127 Wis., 67 (7 Am. and Eng. Anno. Cases), 484. No such words are to be found in this policy. The case we have just put was somewhat like the one cited by us from the Massachusetts Court, and in the latter case it was held that where the accident itself causes the disease

which then unites with it in producing the injury, the insurer is liable, but not where the disease preëxisted and contributed proximately to the injury. If this distinction is kept clearly in view, many of the authorities, which apparently conflict, may be reconciled. In our case there is no question of proximate cause. The parties have solemnly contracted, the plaintiff to be protected and the defendant to insure him against loss, under well-defined conditions, and the contract must be construed, being unambiguous, as it is written, under the maxim of the law which prohibits us to make a contract for the parties, but allows us only to construe the contract which they have made (*in haec federa non veni*).

The other exceptions do not suggest to us any reversible error. A careful consideration of this case discloses nothing that should induce us to reverse the judgment.

No error.