Pauline Robison, Appellee, v. United States Health & Accident Insurance Company, Appellant.

Gen. No. 20,249.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. JOHN E. HILLSKOTTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed April 28, 1915.

### Statement of the Case.

Action by Pauline Robison in the County Court of Cook county against United States Health & Accident Insurance Company, a corporation, upon a health and accident policy issued by the defendant to the husband

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of the plaintiff, wherein the plaintiff was named as beneficiary in case of the death of the insured from accidental injury.

The only evidence in the record tending to show that the insured sustained an accident on January 31, 1912, is the testimony of plaintiff who stated that the insured then lifted a hard coal stove in the front room of their house; that the next day he complained about being ill and that his illness continued until his death. On cross-examination the witness was asked to state the details of how the accident happened and she answered as follows:

"Well, it was a pretty bad day, and he wasn't working that day, so I says to him, I say, 'Jim,' I says, 'I have got a zinc and I want to put it under my stove,' and he says, 'All right, Pauline, I will help,' so I catches hold of the zinc, and he catches hold of the stove, and the stove was a hard coal burner, I guess it stood about that high (indicating), and he lifted the stove up, and I pushed the zinc under it, and so all at once he said 'Oh, my, I feel so funny,' and so I said, 'what's the matter Jim,' and he sat down, and he said, 'Oh, I feel awful bad,' and I says, 'Do you?' and he says, 'Yes.' Says I, 'Is there anything I can do?' and he says, 'No,' and he sat there and looked kind of funny, and I looked at him and I said, 'Jim, do you want me to do anything for you?' and he says, 'No,' so I didn't say any more. And the next day I says, 'Jim, are you going to work?' and he said, 'No, I don't feel like going to work,' he said; 'I can't. There is something bothers me here.' I said, 'Maybe you hurt yourself lifting the stove.' He said, 'Well, maybe I did; and I felt awful bad ever since I lifted it.' So I didn't say any more."

Two days later a physician was called who treated the insured for pleurisy, and subsequently the insured presented a claim and was paid $35 on account of such illness. He died April 22, 1912, the first physician

who treated him testifying that death was due to Bright's disease, and a physician who was subsequently called in testifying that he found valvular heart trouble. From a verdict and judgment for plaintiff for $500, defendant appeals.

JEFFERY & CAMPBELL, for appellant; HERBERT J. CAMPBELL and CHARLES V. CLARK, of counsel.

No appearance for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 83*—*when statements not part of res gestæ.* In an action by the beneficiary on a policy of insurance, evidence of a statement made by the insured the day after he claimed to have been injured as to the cause of the injury, is not part of the *res gestæ.*

2. INSURANCE, § 667*—*when evidence insufficient to show death from accident.* In an action upon an accident policy where the plaintiff claimed that insured's death was caused by a strain while attempting to lift a heavy stove, evidence *held* to show that death was due to causes other than an accident.

3. INSURANCE, § 437*—*when provision for notice of accident inapplicable to beneficiary.* Under an accident policy requiring notice to the insurer "within twenty days from the date of any accident or the beginning of disability from illness upon which claim is based," where the death of the insured occurs more than twenty days after the accident was alleged to have been sustained, the provision as to notice has no application to the beneficiary since she did not become a claimant until the death of the insured.

4. INSURANCE, § 646*—*when evidence of waiver incompetent.* Testimony tending to show waiver on the part of an insurance company of provisions of a policy as to notice of accident is incompetent, where none of the persons with whom the witness claimed to have communicated were shown to have been identified with the insurance company.

5. INSURANCE, § 408*—*when injury accidental.* If the insured's act was attended with an unexpected and unusual result,—one which

could not have been reasonably anticipated, and which he did not intend to produce, that is, was not the natural or probable consequence of his act, and was not the result of design, but was produced unexpectedly and by chance,—the injury was caused by accidental 'means within the meaning of policies of accident insurance.

6. INSURANCE, § 418*—*when injury from lifting stove accidental.* Injury from the act of lifting a stove which was claimed to have caused valvular trouble of the heart, subsequently resulting in death, *held* an accidental injury within the terms of an accident policy.

7. INSURANCE, § 408*—*when accident cause of disease.* If a diseased condition was caused from an accident, or existed prior to the accident and had no causal connection with the injury or death resulting from the accident, the accident is to be considered as the sole cause, but if the disease existed at the time of the accident and co-operated with the accident to cause an injury or death, the accident is not the sole cause.

8. INSTRUCTIONS, § 118*—*when erroneous as not based on evidence.* An instruction in an action on a policy of insurance directing the jury to provisions as being contained in such policy which are not therein is improper.