WESTERN INDEMNITY CO. et al. v. MacKECHNIE. (No. 7423.)

(Court of Civil Appeals of Texas. Dallas. April 1, 1916. Rehearing Denied April 29, 1916.)

1. APPEAL AND ERROR ⬚⟳760(1) — ASSIGNMENTS OF ERROR—BRIEFS—SUFFICIENCY.

Assignments of error urged on appeal identical with the grounds assigned in the motion for a new trial, where the bills of exception relied on though not copied in the brief, were referred to and the pages of the transcript where they may be found were given, were sufficiently supported by a reference to the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3095; Dec. Dig. ⬚⟳760(1).]

2. INSURANCE ⬚⟳623(4)—ACTION ON POLICY—DENIAL OF LIABILITY—TIME TO SUE.

Where an insurer absolutely denied its liability on an accident policy, the beginning of on action without regard to the provisions of the policy relating to the time in which suit might be brought thereon was authorized.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1551; Dec. Dig. ⬚⟳623(4).]

3. INSURANCE ⬚⟳146(3) — CONSTRUCTION OF CONTRACTS.

A contract of insurance should be construed most favorably to the insured, and where its language is fairly susceptible of any construction making the insurer responsible for the loss or injury, it is the duty of the court to so construe it, though the court cannot undertake to make a new contract in disregard of the plain and unambiguous language used by the parties.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 295; Dec. Dig. ⬚⟳146(3).]

4. INSURANCE ⬚⟳466—ACCIDENT INSURANCE—CONSTRUCTION.

Under an accident policy stipulating that for total disability the insurer would make certain weekly payments, and that if during the period of such disability and within 90 days from the accident the injury should directly, independently, and exclusively of all other causes result in permanent paralysis, the insurer would pay the principal sum, where insured, when injured by a fall, was suffering from a disease contributing to his paralysis, such paralysis was not the direct, independent, and exclusive result of the fall, though it hastened the paralysis, so as to entitle the insured to a recovery.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1178, 1186; Dec. Dig. ⬚⟳466.]

5. APPEAL AND ERROR ⬚⟳882(12)—PARTY ENTITLED TO ALLEGE ERROR—INVITED ERROR.

Defendant, in an action on an accident policy, was not deprived of the right to complain of error in a charge substantially the same as a charge requested by and given for it after its correct charge had been refused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3602; Dec. Dig. ⬚⟳882(12).]

6. INSURANCE ⬚⟳668(11) — ACCIDENT INSURANCE—ISSUE.

In an action on a policy of accident insurance to recover for paralysis alleged to have resulted from an accident or fall, where the evidence tended to show that other diseases caused the paralysis, defendant was entitled to have the issue as to whether such diseases caused the paralysis submitted to the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1745, 1763, 1764; Dec. Dig. ⬚⟳668(11).]

7. INSURANCE ⬚⟳466 — ACCIDENT INSURANCE—LIABILITY.

Where arterio sclerosis and Bright's disease, with which insured was suffering, caused a stroke of paralysis consequent upon his falling, or where the injury received by him in his fall and such diseases concurred in causing the paralysis, the insurer was not liable, but if the injury alone caused the paralysis within 90 days, from the accident "directly, independently, and exclusively of all other causes," as provided by the policy, the insurer was liable.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1178, 1186; Dec. Dig. ⬚⟳466.]

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by Ellen MacKechnie, guardian of Edward MacKechnie, against the Western Indemnity Company and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Love & Taylor and Carden, Starling, Carden, Hemphill & Wallace, all of Dallas, for appellants. Henry P. Edwards and Cockrell, Gray & McBride, all of Dallas, and R. R. Hazlewood, of Amarillo, for appellee.

TALBOT, J. The appellee, as guardian of Edward MacKechnie, instituted this suit against the appellants Western Indemnity Company, a corporation organized under the laws of the state of Texas, and Western Casualty & Guaranty Insurance Company, a corporation created under the laws of the state of Oklahoma, on an accident insurance policy. It is alleged, in substance, that the appellant Western Casualty & Guaranty Insurance Company executed and delivered to Edward MacKechnie, February 20, 1911, its written policy of insurance, whereby it insured the

said Edward MacKechnie for the term of 12 months from the date of said policy against bodily injuries effected directly and independently of all other causes through accidental means. That said policy stipulated that if the said Edward MacKechnie should sustain bodily injuries which should immediately, continuously, and wholly disable and prevent him from performing any and every kind of duty pertaining to his occupation, the insurance company would pay him for the period of such total disability a weekly indemnity of $25 per week to an amount not exceeding the sum of $5,000, plus any accumulations which might have accrued under said policy at the time such injuries were sustained. It is further alleged that said policy of insurance also stipulated that if such injuries to the said Edward MacKechnie immediately, continuously, and wholly disabled and prevented him from performing any and every kind of duty pertaining to his occupation, and during the period of such disability and within 90 days from the date of the accident should directly, independently, and exclusively of all other causes result in permanent paralysis, the appellant Western Casualty & Guaranty Company would pay him the principal sum of $5,000 of said policy, and in addition thereto the weekly indemnity stipulated to be paid, for one year from the date of such paralysis. That on the 25th day of September, 1913, the said Edward MacKechnie, while attempting to board the car of a street railway company in the city of Dallas, Dallas county, Tex., did suffer a fall to the ground or against said car, and did thereby sustain bodily injuries, which were effected directly and independently of all other causes through accidental means; that said injuries immediately, continuously, and wholly disabled and prevented the said Edward MacKechnie from performing every kind of duty pertaining to his occupation and has continued so to do since the date of said accident. That said injuries not only wholly prevented the said Edward MacKechnie from performing any and every kind of duty pertaining to his occupation, but during the period of such disability and on the 25th day of October, 1913, and within 90 days from the date of said accident, resulted directly, independently, and exclusively of all other causes, in permanent paralysis, and that within 30 days after the expiration of one year from said date of October 25, 1913, the said Edward MacKechnie was declared by competent and duly constituted medical authority to be permanently paralyzed and permanently insane; that appellee, Ellen MacKechnie, is the duly appointed, qualified, and acting guardian of the said Edward MacKechnie, and that the appellant Western Indemnity Company has taken over all the business, properties, affairs, and policies of the appellant Western Casualty & Guaranty Insurance Company, and assumed all its liabilities,

including the terms and obligations of the contract herein sued on.

The defenses were: First, that the suit was was prematurely brought, for that by the terms of the policy suit could not be instituted until 3 months from the date of filing proofs of the alleged paralysis, and such proofs had never been filed; second, that for a valuable consideration the assured had settled with appellants and released them from all liability; third, that the assured's paralysis did not result directly, independently, and exclusively of all other causes from the accident in question, but was caused alone by then existing bodily diseases known as arterio sclerosis or Bright's disease, or by the concurrence and co-operation of said diseases with said accident. The appellee, by supplemental petition, averred that appellants claimed that on October 15, 1913, they effected a settlement with Edward MacKechnie for all liability present and future upon the insurance policy sued on, and, at all times since that date, have asserted and maintained that they were no longer liable upon said policy, hence appellee was relieved and absolved from the necessity of making proof to appellants of the accident and its resultant injuries to Edward MacKechnie, and could bring suit instantly upon such denial of liability. Appellee further averred that the assured, Edward MacKechnie, was mentally incapacitated to execute the release asserted by appellants at the time it was executed and not bound thereby.

The case was submitted to a jury upon special issues, and upon their findings judgment was rendered in favor of the appellee for the sum of $6,345.25, and motion for a new trial being overruled, the appellants appealed.

[1] Appellee objects to a consideration of the appellants' assignments of error. The principal objections urged are, that the assignments are not supported in the brief by any statement or reference to the record showing that the points urged were embraced in a motion for a new trial, nor by any sufficient statement showing that the action complained of was taken by the court below and exceptions duly taken and reserved by bills of exception. The rules relating to the matters of practice referred to have at least been substantially complied with, and a refusal to consider the assignments of error would not be justified. There was a motion for a new trial filed in the court below, and grounds assigned in the motion constitute the assignments of error urged in this court. It thus appears that the points urged in this court were embraced in a motion for a new trial in the court below. And where the bills of exception relied on here are not copied in the brief, they are referred to, and the page of the transcript where they may be found is given. The objections are overruled.

The record discloses that the appellants is-

sued to Edward MacKechnie an accident insurance policy, such as is alleged in appellee's petition, and that said policy was in force on the 25th day of September, 1913; that on that day the said Edward MacKechnie, while attempting to catch a moving street car, with the view of boarding it, fell and accidentally broke one of his arms and bruised his forehead; that on the 15th day of October, 1913, 20 days from the date of the accident, the said MacKechnie, in consideration of the sum of $142.15, paid to him by appellants, released them, in writing, from all claims under the policy issued to him, "on account of and in full compromise settlement for injuries accidentally sustained on or about September 25, 1913," and appellants' first contention is that the trial court erred in refusing to charge the jury as follows:

"You are instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence that Edward MacKechnie was mentally incapacitated at the very time he executed the release in evidence to know that he had done so, and the plaintiff having wholly failed to offer any testimony whatever tending to establish this fact, it therefore follows as a matter of law that said release cannot be set aside and you are instructed to return a verdict for the defendants as follows: 'We, the jury, find for the defendants.'"

The testimony bearing upon the issue is very fully set out in appellants' brief, but it°is too voluminous to be stated or quoted in this opinion. We have carefully read and considered all of it, and as the case, in our opinion, must be reversed and cause remanded for a new trial for reasons hereinafter stated, we shall overrule the assignment of error presenting the question raised without further comment than to say that the evidence was sufficient to require the submission of the question to the jury for their determination. This disposes also of appellants' second assignment of error.

[2] The next contention is that the court erred in not sustaining appellants' plea in abatement charging that the cause of action declared on by appellee had not, under the terms of the policy, arisen at the time of the filing of the suit, for that it was brought prior to the lapse of the time stipulated in the policy. This contention is not sustained. The evidence was sufficient to show such an absolute denial of liability on the part of appellants as authorized the institution and maintenance of the suit without regard to the provisions of the policy relating to the time within which suit might be brought for the enforcement of rights claimed under it.

[3, 4] A vital issue submitted to the jury was whether the injuries the assured MacKechnie received by the fall he suffered in attempting to catch the street car, directly, independently, and exclusively of all other causes, resulted in permanent paralysis, and as a rule of law to guide and govern them in the solution of the question the jury was instructed thus:

"By cause of paralysis as referred to in the policy is meant the proximate or predominate cause. If you believe from the evidence that Mr. MacKechnie at the time of the accident was suffering with arterio sclerosis or Bright's disease, or other disease which contributed to the paralysis and which might or probably would later have resulted in his becoming paralyzed, yet if you believe from the evidence that the fall hastened the paralysis and caused it to result sooner than it would have resulted had the fall not have happened, then you must find that the accident was the direct, independent, and exclusive cause of the paralysis."

Appellants challenge the correctness of this charge, and assert that it abrogates the plain and unambiguous terms of the policy sued on, and instructs the jury that if they believe from the evidence that the said MacKechnie was suffering from either arterio sclerosis, Bright's disease, or any other disease which contributed to his paralysis, they must find that such paralysis was the direct, independent, and exclusive result of the fall, if said fall hastened the paralysis; whereas, if such arterio sclerosis, Bright's disease, or any other disease either caused or contributed to cause the paralysis, such paralysis did not result from the fall directly, independently, and exclusively of all other causes. The appellee contends that the charge is a correct one, or if not appellants are in no position to complain of it because at their request the court gave a charge substantially to the same effect.

There is substantial evidence tending to show that before and at the time the assured suffered the fall and received the injuries which appellee claims caused him to be stricken with apoplexy and permanent paralysis of the body, he was afflicted with diseases known as arterio sclerosis and Bright's disease, and that such diseases are often productive of such results; that while the assured was not a drunkard, he was accustomed to drinking intoxicating liquors, and that such indulgences had a tendency to aggravate the diseases mentioned; that on the day of the accident which resulted in the injuries complained of, and a short time before the accident occurred, he took two or three drinks of intoxicating liquor, and soon thereafter, although not intoxicated, fell to the sidewalk while walking along the street, and was picked up by friends in a "dazed" condition; that he apparently recovered from this condition in a few minutes, and a little later attempted to catch a moving street car, with a view of boarding it as a passenger, and before reaching the car fell in the street and was injured substantially as alleged by appellee. There is other testimony relating to the nature and effect of the assured's injuries, but it is not essential to a proper discussion of the question under consideration to state it. It may be, however, that there is nothing in it which indicates that the disease or diseases which the assured was afflicted with resulted from the injuries received by him in

the accident in question, and no such issue of law as such evidence would raise, if present, is in the case. There seems to be some diversity of judicial opinion upon the question involved in the challenge of the correctness of the charge complained of and it is not without difficulty, but looking to our own decision we think it must be held to be erroneous and prejudicial to appellants. It is well established that a contract of insurance "should be construed in that manner which is most favorable to the assured, and that if its language is fairly susceptible of any construction that would make the insurer responsible for the loss (or injury sustained), it would be the duty of the court to place such construction upon it; but the courts cannot undertake to make a new contract in disregard of the plain and unambiguous language used by the parties." Maryland Casualty Co. v. Hudgins, 97 Tex. 124, 76 S. W. 745, 64 L. R. A. 349, 104 Am. St. Rep. 857, 1 Ann. Cas. 252. In Continental Casualty Co. v. Annie Wade et al., 101 Tex. 102, 105 S. W. 35, the Supreme Court had under consideration an insurance contract obligating the company to pay the beneficiaries named therein in the event the insured Green received an accidental injury, and such injury was "solely and independently of all other causes" the result of the accident, and after stating the rule substantially as announced above, said:

"But there is no ambiguity or uncertainty in the language; there is nothing in it which indicates that Mrs. Wade was to be compensated for the loss of life of her son, Bishop Green, except upon the terms and conditions specified in the contract. If harsh, they are just what Green agreed to when he made the contract, and it is not within the province of the court to interfere or relieve one of a hard bargain which he deliberately and willingly entered into."

It is equally clear, we think, that the terms of the policy involved in the case at bar is free from ambiguity and uncertainty, and the words used to set forth and express the contract of the parties must be given their usual and ordinary meaning. While it is true that such policies "are to be construed liberally, and ambiguous provisions, or those capable of two constructions, should be construed favorably to the insured, and most strongly against the insurer, plain, explicit language cannot be disregarded, nor an interpretation given the policy at variance with the clearly disclosed intent of the parties." If the words of that provision of the policy sued on which obligates the appellants to pay Edward MacKechnie the sum of $5,000 in the event he received accidental injuries which "should directly, independently, and exclusively of all other causes" result in permanent paralysis, be given their usual interpretation, the charge under discussion does not embody a correct proposition of law applicable to the facts. Giving the words of the contract, "independently and exclusively," their ordinary meaning, appellee was not entitled to recover, unless the paralysis with which Edward Mac-

Kechnie was suffering was caused solely by the injuries received by him; that is, apart from or without regard to any disease with which he was afflicted at the time of the accident resulting in such injuries. The charge complained of instructed the jury that if they believed Mr. MacKechnie was suffering from either arterio sclerosis, Bright's disease, or any other disease which contributed to his paralysis, without regard to whether such disease contributed proximately or remotely to the paralysis, they must find that such paralysis was the direct, independent, and exclusive result of the fall causing his injuries, if such fall hastened the paralysis. Such view of the law, as applicable to this case, seems to be supported by the opinion of the Supreme Court of Arkansas rendered by a divided court, in the case of Fidelity & Casualty Co. v. Meyer, 106 Ark. 91, 152 S. W. 995, 44 L. R. A. (N. S.) 493, and perhaps others, but we think the decision in the case named and those in line with it are contrary to the decision of the Court of Civil Appeals for the Fourth District of this state in the case of Maryland Casualty Co. v. Glass, 29 Tex. Civ. App. 159, 67 S. W. 1062, the cases there cited, and the general trend of the decisions of our Supreme Court. The cases referred to are also opposed to the decision rendered in Penn v. Standard L. & A. Ins. Co., 158 N. C. 29, 73 S. E. 99, 42 L. R. A. (N. S.) 593. In Maryland Casualty Co. v. Glass, supra, the insured died while undergoing a surgical operation under the influence of chloroform regularly administered—a risk covered by the policy—and it was held that if the death of the insured was caused by the anesthetic alone, the insurer was liable; but if he was afflicted with disease which caused or directly contributed to his death, there could be no recovery, though the anesthetic might have been a cause concurring with his affliction in producing death. The insured was undergoing an operation for appendicitis, and the court said:

"If he was suffering from appendicitis, as is shown by the undisputable evidence, and if the anesthetic would not have caused his death had it not been for such affliction, but he died because the chloroform aggravated the effects of the disease, or appendicitis aggravated the effect of the drug, the company would not be liable under its contract. For in either event appendicitis and chloroform would be concurring and inseparable agents proximately contributing to his death, and it could not have been the result of an injury from the anesthetic, independent of all other causes."

In Penn v. Standard Life & Accident Ins. Co., supra, it is held (quoting from the syllabus) that:

"Merely hastening through an accidental fall the destruction of sight, which was inevitable, through cataract, is not where both causes contribute to the result, within the operation of a policy insuring against bodily injuries effected directly and independently of all other causes through external, violent, and accidental means."

In discussing that case the court said that the question of proximate and immediate

cause is not raised under the conditions of a policy which in terms excludes disease or bodily infirmity, and which could have no more force than the general provision, "independent of all other causes"; that if the jury had found that the injury was caused by the sum of two causes—that is, that the accident and the pre-existing cataract and diseased condition of the eye were together responsible for the subsequent blindness—the plaintiff could not have recovered, as the injury must have resulted from the accident "independent of all other causes." White v. Standard Life & Accident Ins. Co., 95 Minn. 77, 103 N. W. 735, 884, 5 Ann. Cas. 83; Ward v. Ætna Life Ins. Co., 85 Neb. 471, 123 N. W. 456.

[5] The contention, that if the charge was not a correct one appellants are in no position to complain of it, because the court gave a charge substantially to the same effect at their request, cannot be sustained. If the charges are not essentially different, the one given at the request of the appellants was not asked until after the court had refused the following special charge requested by appellants:

"You are instructed that, by the term 'directly, independently, and exclusively of all other causes,' is meant that the stroke of apoplexy and resulting paralysis, if any, must have occurred or been caused directly and proximately from the fall of Mr. MacKechnie in the street, and that no other efficient cause, such as disease, must have directly and proximately contributed thereto. If you do not believe from the preponderance of the testimony that the fall of Mr. MacKechnie in the street on the occasion in question resulted directly, independently, and exclusively of all other causes, in the stroke of apoplexy on said October 25th, then it will be your duty to answer special issue No. 2 'No.'"

This refused special charge fairly reflects the theory maintained by the appellants and the view of the law therein expressed, as applicable to the facts, not being concurred in by the trial court, but the view adopted as is expressed in the charge complained of, appellants will not be deprived of the right to attack on appeal the correctness of the court's charge because they may have requested a charge prepared by themselves embodying substantially the same principle of law as that enunciated in the court's charge. It cannot be successfully contended, in such case, that the error of the court was invited.

The refusal of the foregoing special charge is complained of and made the basis of appellants' sixth assignment of error, and for the reasons indicated in our discussion of the fifth assignment we think it, or some charge equivalent thereto, should have been given.

[6] The court refused to submit the issue as to whether the arterio sclerosis and Bright's disease with which the assured MacKechnie was afflicted caused him to be stricken with apoplexy on the 25th day of October, 1913, and the refusal is assigned as error. We think the assignment should be sustained. There was evidence tending to show that the diseases mentioned caused the stroke of apoplexy suffered by the assured and the resultant paralysis, and appellants were entitled to have that specific issue submitted to the jury for their determination.

[7] If the diseases referred to caused the stroke of apoplexy, or if the injury received by the assured in the fall and said diseases concurred and co-operated in causing the apoplexy and paralysis, no liability existed. But if the injuries alone caused the apoplexy and paralysis the appellants are liable.

Other assignments need not be discussed. What we have said disposes, practically, of all the material questions raised. For the reasons indicated the judgment is reversed, and the cause remanded.

Reversed and remanded.

---

⬖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

