## KERNS v. ÆTNA LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit.   July 20, 1923.)

### No. 6199.

1. **Insurance ⚌466—Death held not to have resulted from "accident" occurring within 90 days independently of all other causes.**

   Where insured, more than 90 days before his death, swallowed a piece of metal, which lodged in the wall of his œsophagus and became incapsulated and harmless, and shock of slipping within the 90 days dislodged it and brought about reinfection, which caused death, the death was not caused directly and independently of all other causes by "accident" occurring within 90 days before his death.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident—Accidental.]

2. **Insurance ⚌466—Policy held to exclude death from accident co-operating with disease or bodily infirmity.**

   A policy insuring against death caused directly and independently of all other causes from bodily injuries effected solely through accident excludes liability in cases where accident co-operates with pre-existing disease or bodily infirmity to cause death.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action by Loraine Kerns against the Ætna Life Insurance Company. Judgment for defendant, and plaintiff brings error.   Affirmed.

George H. Fletcher, of Aberdeen, S. D. (A. W. Campbell and Roger A. Campbell, both of Aberdeen, S. D., on the brief), for plaintiff in error.

G. N. Williamson, of Aberdeen, S. D. (R. F. Williamson, St. Clair Smith and Alan Williamson, all of Aberdeen, S. D., on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and BOOTH and FARIS, District Judges.

FARIS, District Judge.   Plaintiff in error, as plaintiff below, sued defendant on a policy of accident insurance, on the life of her deceased husband, George G. Kerns, wherein she was the beneficiary.   At the close of the evidence on plaintiff's part, the trial court directed a verdict for defendant, and plaintiff seeks here a reversal of that ruling.

[1] Errors in the exclusion of evidence offered by plaintiff are assigned, but none of these has merit, and, even if they had merit, the exclusion of the evidence offered did not affect, and on no possible theory could have affected, the result.   The policy sued on, provided for the payment to plaintiff, as beneficiary, of the sum of $7,500, in case of the death of assured, "resulting directly and independently of all other causes from bodily injuries effected solely through external, violent, and accidental means," in 90 days from such injury, whether with or without total disability, and, in case of total disability, within 200 weeks of such injury.

---

⚌For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The assured was a physician and surgeon. On the 19th day of November, 1919, while eating, he swallowed a small piece of metal, which lodged in, and subsequently pierced, the œsophagus. From this accident he suffered much pain and was seriously ill, till about December 4, 1919, when he seemingly recovered fully and resumed the active practice of his profession. During the winter of 1919 and 1920 his professional duties were particularly heavy, owing to a prevalence of an epidemic of influenza, and he was kept almost constantly engaged, both day and night, in attendance upon his patients. All this notwithstanding, he gained in weight and seemed to be in perfect health.

On a night in the early part of March, 1920, while going on a professional visit, the automobile in which he was riding became stalled in the snow. He got out to assist the chauffeur to extricate the automobile by pushing on it; the chauffeur, it seems, remaining at the wheel. After the car was gotten clear of the snow, assured resumed his place therein, and on doing so stated that he had slipped and felt pain. Where he felt this pain is not disclosed by the evidence, further than it was "up here," as the witness expresses it. No one saw him slip, and, save and except his statement to the chauffeur, he never disclosed the fact of his having slipped to any one else; nor was it known till the summer of 1920, and after making proofs of loss, bottoming the claim of accidental death upon the fact that he had in November, 1919, accidentally swallowed the piece of metal.

His death occurred on the 19th day of April, 1920, and was due to abscesses, superinduced by the breaking down of the incapsulation surrounding the piece of metal, which he had swallowed in the month of November, 1919. The theory of the medical experts, who testified on the trial, was that this piece of metal had passed through the walls of the œsophagus and had then become incapsulated, quiescent, and harmless, but that the shock of slipping had dislodged it, and brought about a reinfection, which causing abscesses, had destroyed adjacent tissues and blood vessels and produced a hemorrhage, which was the immediate cause of his death.

Plaintiff is precluded from recovery here upon the initial accident of November 19, 1919, because, by the terms of the policy, death did not occur till more than 90 days subsequent to this initial accident, and because for more than 3 months thereafter, and after a seemingly complete recovery, assured was not totally disabled, but, on the contrary, was during such period engaged in his professional duties with more than his ordinary energy and activity.

This initial injury was concededly the remote cause of his death. But, before it became the proximate or direct cause thereof, it had by the lapse of time fallen into the category of a pre-existing disease or bodily infirmity, so far as the contract of insurance at least is concerned. Before it could in a physical sense become the cause of his death, it was necessary that the quiescence of this infirmity be disturbed. The slipping of assured, even if it is conceded that there is any competent evidence that it happened, could not, and, as it is tacitly conceded, did not, cause his death, of itself alone. This slipping merely by the shock superinduced, disturbed the quiescence of the incapsulated metal, causing a recrudescence of infection, which brought about death.

Assuming that the record conclusively shows that assured slipped and hurt himself, yet the question arises whether such slipping, independently of all other causes, brought about his death. Defendant by its policy of insurance agreed to become liable only in case "death was caused directly and independently of all other causes from bodily injuries effected through external, violent, and accidental means." In the case of National Masonic Acc. Ass'n v. Shryock, 73 Fed. loc. cit. 775, 20 C. C. A. 5, this court said:

"The burden of proof was upon the defendant in error to establish the facts that William B. Shryock sustained an accident, and that that accident was the sole cause of his death, independently of all other causes. If Shryock suffered such an accident, and his death was caused by that alone, the association agreed by this certificate to pay the promised indemnity. But if he was affected with a disease or bodily infirmity which caused his death, the association was not liable under this certificate, whether he also suffered an accident or not. If he sustained an accident, but at the time it occurred he was suffering from a pre-existing disease or bodily infirmity, and if the accident would not have caused his death if he had not been affected with the disease or infirmity, but he died because the accident aggravated the effects of the disease, or the disease aggravated the effects of the accident, the express contract was that the association should not be liable for the amount of this insurance. The death in such a case would not be the result of the accident alone, but it would be caused partly by the disease and partly by the accident, and the contract exempted the association from liability therefor. These propositions have been so lately discussed and affirmed by this court that we content ourselves with their statement. Insurance Co. v. Melick, 27 U. S. App. 547, 12 C. C. A. 544, 547, and 65 Fed. 178, 181; Association v. Barry, 131 U. S. 100, 111, 112, 9 Sup. Ct. 755; Freeman v. Association, 156 Mass. 351, 353, 30 N. E. 1013; Anderson v. Insurance Co. 27 Scot. L. R. 20, 23; Smith v. Insurance Co., L. R. 5 Exch. 302, 305; Insurance Co. v. Thomas, 12 Ky. Law Rep. 715; Marble v. City of Worcester, 4 Gray, 395, 397; Association v. Grauman, 107 Ind. 288, 290, 7 N. E. 233."

The initial injury was, it may be conceded, such an injury as fell into the category of the hurts and injuries insured against. If death therefrom had ensued within 90 days, or if this initial hurt had induced a continuing total disability for 200 weeks, and at the end thereof death had ensued, a recovery could have been had. But this did not occur. The effects of the initial hurt, since they fell without the terms of the insurance contract, fell within the category of pre-existing disease or bodily infirmity. So in such case it is unnecessary to examine the contention of plaintiff that declarations of the assured, under the rule of res gestæ, may be relied on to prove the fact of a casualty, as well as its effects, when no other evidence of the casualty is present or offered. It is apparent that, save and except the bare statement of the assured that he had slipped and hurt himself "up here," there is no evidence of the fact that he had ever slipped. So res gestæ is relied on to prove both the fact of the slipping and the effects thereof. The point is an interesting one, and made more so by the case of Insurance Co. v. Mosley, 8 Wall. 397, 19 L. Ed. 437; but whether the holding in the above case by a divided court has been so whittled away by later decisions, as has been several times suggested, be true or not, we need not rule, for, regardless of the Mosley Case, plaintiff cannot recover here under the terms of the contract of insurance.

[2] But it is contended that in the Shryock Case this court had before it for interpretation a contract which contained the further condition that the policy should not "cover any death which resulted wholly or in part, directly or indirectly, from disease or bodily infirmity," while the contract in the instant case, insures against death from accident "resulting directly and independently of all other causes." This is true; the differences in verbiage inhere. But it is difficult, if not impossible, to eke out any legal distinction between *death which results directly and independently of all other causes,* and death caused wholly or in part from disease or bodily infirmity. The language used in the policy before us, by limiting liability to cases of death, wherein such death is caused by accident directly and independently of all other causes, just as certainly and effectually excludes liability in a case wherein the accident co-operates with pre-existing disease or bodily infirmity, as it would if the latter words were set out in the policy. New Amsterdam Cas. Co. v. Shields, 155 Fed. 54, 85 C. C. A. 122; Ætna Life Ins. Co. v. Ryan, 255 Fed. loc. cit. 486, 166 C. C. A. 562. In the latter case, at the page cited, the court said:

"The burden of proof rested on the plaintiff to establish the fact that the insured sustained an accident and that there could be no recovery upon the policy of insurance unless that accident was the sole cause of his death, as the policy insured him against a death 'resulting, directly and independently of all other causes, from bodily injuries effected solely through external, violent and accidental means.' The cases establish the principle that, if death results from disease or a bodily infirmity, there can be no recovery under such a policy whether the insured suffered an accident or not. And they also show that there can be no recovery if the insured sustained an accident, but at the time it happened was afflicted with a pre-existing disease, and if death would not have resulted if he had not had the disease, but his death was caused because the accident aggravated the effects of the disease, or the disease aggravated the effects of the accident. National Masonic Accident Association v. Shryock, 73 Fed. 774, 20 C. C. A. 3; Maryland Casualty Co. v. Morrow, 213 Fed. 599, 130 C. C. A. 179, 52 L. R. A. (N. S.) 1213; Preferred Accident Ins. Co. v. Patterson, 213 Fed. 595, 130 C. C. A. 175; Illinois Commercial Men's Ass'n v. Parks, 179 Fed. 794, 103 C. C. A. 286; Stanton v. Travelers' Ins. Co., 83 Conn. 708, 78 Atl. 317, 34 L. R. A. (N. S.) 445; Stokely v. F. & C., 193 Ala. 90, 69 South. 64, L. R. A. 1915E, 955; Pacific Mutual Life Ins. Co. v. Despain, 77 Kan. 654, 95 Pac. 580; Ætna Life Ins. Co. v. Bethel, 140 Ky. 609, 131 S. W. 523; White v. Standard Life & Accident Ins. Co., 95 Minn. 77, 103 N. W. 735, 884, 5 Ann. Cas. 83; Thomas v. Fidelity & Casualty Co., 106 Md. 229, 67 Atl. 259; Robinson v. U. S. H. & A., 192 Ill. App. 475; Continental Casualty Co. v. Peltier, 104 Va. 222, 51 S. E. 209; Jiroch v. Travelers' Ins. Co., 145 Mich. 375, 108 N. W. 728; Ward v. Ætna Life Ins. Co., 85 Neb. 471, 123 N. W. 456; Penn v. Standard Life & Accident Ins. Co., 158 N. C. 29, 73 S. E. 99, 42 L. R. A. (N. S.) 593."

It follows that the judgment below was correct, and the case ought to be affirmed. Let this be done.