## JAMES J. STANTON *vs.* THE TRAVELERS INSURANCE COMPANY.

Third Judicial District, Bridgeport, October Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

The beneficiary of an accident policy insuring one against death from bodily injuries effected directly and independently of all other causes, through external, violent, and accidental means, cannot recover thereon if it appears that death was due, in part, to disease or infirmity existing at the time of the alleged injury.

The insured, while suffering from a diseased and abnormal appendix, strained that portion of his body and thereby brought on another attack of appendicitis from which he died. *Held* that the insurance company was not liable on the policy, the bodily injury due to the accidental strain (if it were an accident) having been found not to be the sole cause of death.

Argued November 3d—decided December 16th, 1910.

ACTION to recover the amount claimed to be payable under a policy of accident insurance, brought to and tried by the Superior Court in Fairfield County, *Curtis, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Edward K. Nicholson,* for the appellant (plaintiff).

*William BroSmith,* for the appellee (defendant).

RORABACK, J. Thomas Francis Stanton, on the 23d day of January, 1905, received a policy of insurance from the defendant company, which insured him in the sum of $5,000 against death resulting from bodily injuries, effected directly and independently of all other causes through external, violent, and accidental means. The plaintiff was named in the policy as the beneficiary in case of death. This contract of insurance was for

one year, and was so renewed that it was in force in the months of April and May, 1908.

The trial court found that on May 1st, 1908, the insured was a practicing physician in the city of Bridgeport, and was forty-one years of age. Some time in the fall of 1907 he had an attack of appendicitis, for which no operation was performed. After this attack, and prior to the attack hereinafter described, he appeared to be in excellent health, strong and rugged. His general health, except as herein stated, had always been excellent. Friday afternoon, May 1st, 1908, Dr. Stanton was working in the garden in the rear of his house, and was engaged in carrying baskets of soil from one part of the garden to another. He carried the basket with both hands, resting it against his abdomen. After so working for quite a length of time, he entered the house and complained that he felt weak, and felt as if he had strained himself. He was pale and in a cold sweat, and took a drink of hot tea, and a warm bath, and went to bed. On Saturday morning, May 2d, 1908, the Doctor complained that he was not feeling well, and while out making a call was given stimulants by the nurse at the home of the patient upon whom he was calling. He appeared at that time pale and seriously ill, and went home and immediately went to bed. On Sunday, May 3d, 1908, physicians were called, who held a consultation and decided that he was suffering from appendicitis. On Monday, May 4th, 1908, he was removed to a private hospital and an operation performed, and it was found that he was suffering from appendicitis. The appendix was removed in this operation, and on May 7th, 1908, he died of appendicitis. The appendix at the time of the removal was gangrenous, perforated in three places, and contained a calculus or fecal concretion about the size of a small pea. The first attack, in the fall of 1907, be-

cause of adhesions and conditions created by it, left the appendix in an abnormal condition, and made it susceptible to other attacks arising from a straining of that portion of the body. The attack of May, 1908, arose from the strain caused by carrying the baskets of soil described herein. Such attack would not have occurred from such strain, except for the conditions created by the first attack in the fall of 1907.

Upon this state of facts the plaintiff claimed that Dr. Stanton's death was due to violent and accidental means, independent of all other causes, within the meaning of the policy. The trial court overruled this claim, and rendered judgment for the defendant. The sole ground of the appeal is based upon this ruling.

The policy now before us in plain language insures against bodily injury, effected directly and independently of all other causes, through external, violent, and accidental means. Similar policies have been before both the State and Federal courts, and the consensus of opinion is that if an injury and an existing bodily disease or infirmity concur and co-operate to that end, no liability exists. If, however, the disease results from the injury, the company is liable, though both co-operate in causing death. The distinction made in this particular is found in that class of cases where the infirmity or disease existed in the insured at the time of the injury, and, on the other hand, that class of cases where the disease was caused and brought about by the injury. And even in cases where the insured is afflicted at the time of the accident with some bodily disease, if the accidental injury be of such a nature as to cause death solely and independently of the disease, liability exists. *Modern Woodman Accident Asso.* v. *Shryock*, 54 Neb. 250, 259, 74 N. W. 607.

It appears from the finding that at the time that the Doctor sustained the accident his appendix was in an

abnormal condition, and subject to other attacks arising from straining that portion of the body; that the attack which caused his death would not have occurred from the strain caused by carrying the baskets of soil, except for the conditions created by the attack in the fall of 1907. In other words, when he sustained the accident, he was afflicted with appendicitis, which was aggravated by the injury which contributed to his death. The death, therefore, was not the result of the accident alone, but was caused partly by the accident and partly by the pre-existing bodily infirmity of the insured.

It requires no argument to demonstrate that under such circumstances the insurance contract now under consideration exempts the defendant from liability for an injury of this character.

An examination of the cases cited by the plaintiff in support of his contention discloses that many of them are in harmony with the views herein expressed. In *Fetter* v. *Fidelity & Casualty Co.*, 174 Mo. 256, 73 S. W. 592, the trial court instructed the jury that a verdict for the plaintiff could not be returned unless they found that the accident was the sole and only direct cause of death. The Supreme Court upheld this instruction. In *Freeman* v. *Mercantile Mutual Accident Asso.*, 156 Mass. 351, 30 N. E. 1013, the condition on which the plaintiff was entitled to payment was stated in the policy to be "upon proof that the said Knowles Freeman shall have sustained, during the continuance of his membership, bodily injuries effected through external, violent, and accidental means, within the intent and meaning of the by-laws of said association, and the conditions herein recited, and such injuries alone shall have occasioned death within ninety days from the happening thereof." In that case it appeared that the insured died from peri-

tonitis, and the question presented was whether an accidental injury was the cause of his death, within the condition of the policy. The trial court charged the jury that the question as to whether peritonitis, if that caused his death, was to be deemed a disease within the meaning of the policy, and the proximate cause of death within the meaning of this policy, so as to prevent a recovery, depended upon the question whether or not, before the time of the fall, and at the time of the fall, he had then the disease—was then suffering from the disease. If he were, then he could not recover under the policy, although the disease was aggravated and made fatal by the fall; but if, owing to existing lesions caused by that disease, but not having the disease at the time, the same kind of malady was started up, the company would be liable. The case was disposed of adversely to the insurance company, on the theory that the injury caused the disease which terminated in the death of the insured, although the Supreme Court, in sustaining the instructions given, held that if the disease existed at the time the injury was received, and co-operated to cause death, no recovery could be had.

Inasmuch as it is found that the injuries sustained by Dr. Stanton in May, 1908, were not the sole cause of his death, it is unimportant to consider the question whether there was an accident, strictly speaking, in the means through which these injuries were effected. The policy in question does not purport to be a contract of indemnity against death or injury effected by all accidental means.

Assuming that the injuries of May 1st, 1908, were accidental, this does not ·fully prove the plaintiff's case, when the burden of proof was upon him to establish the facts that the Doctor sustained an accident, and that the accident was the cause of his death

independent of all other causes. *Illinois Commercial Men's Asso.* v. *Parks,* 179 Fed. Rep. 794, 800; *National Masonic Accident Asso.* v. *Shryock,* 73 Fed. Rep. 774, 776.

There is no error.

In this opinion the other judges concurred.