STELLA WOJCIK *v.* METROPOLITAN LIFE INS. CO.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued June 9th—decided July 12th, 1938.

*Bertrand B. Salzman,* with whom was *Elliott R. Katz,* for the appellant (plaintiff).

*Frank E. Callahan,* with whom was *Grant N. Nickerson,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiff is named as beneficiary in a policy of insurance issued by the defendant upon the life of her husband.   There was attached to

the policy a supplementary contract providing for a payment of an additional $5000 in the event of death by accident. The insured was killed by being run over by a railroad train. The defendant paid the loss due under the principal policy but refused to pay anything under the supplementary contract. The plaintiff brought this action to recover upon this contract and has appealed from the judgment for the defendant.

The policy provided that the sum named should be payable upon receipt by the defendant "of due proof of the death of the insured, as the result, directly and independently of all other causes, of bodily injuries sustained through external, violent and accidental means, provided . . . (5) that death shall not have been the result of self-destruction, whether sane or insane." The complaint alleged in the fourth paragraph that the deceased, "the insured in said policy of insurance, while said policy was still in force, sustained bodily injuries through external violent and accidental means, resulting directly and independently of all other causes in the death of the said insured, Joseph Wojcik, within ninety days from the date of such bodily injuries, to wit: on the 17th day of October, 1936." The defendant in its answer denied this paragraph as a whole. The trial court reached the conclusion that the insured was killed as a result of external and violent means but that on the entire evidence it could not determine whether or not the death was suicidal, and that the plaintiff had failed to sustain the burden of proof that the death was due to accidental means.

The plaintiff contends upon this appeal that the defendant not having specially pleaded that the death was suicidal, was not entitled in any event to the benefit of that defense. In 6 Cooley, Briefs on Insurance, p. 5003, it is stated: "The general rule seems to be that, where a policy insures generally against a

particular peril, and contains a further clause exempting the company from liability for loss caused in a certain manner, which would otherwise have fallen within the general terms of the policy, the burden is upon the insurer to allege and prove that the loss fell within the exemption. Such a clause is considered as an exemption from liability and a defense, rather than as an exception proper limiting and defining the risk covered." We applied this rule in *Fogarty* v. *Fidelity & Casualty Co.,* 120 Conn. 296, 298, 180 Atl. 458, where a policy insured against the loss on account of damages to or loss of an automobile caused by collision, excluding damage by fire, as regards the defendant's claim that the loss was caused by fire. The rule does not apply in such a situation as the one before us. Suicide, at least when sane, cannot properly be regarded as an accident and the provision excluding it from the coverage of the policy is not in the nature of an exemption but is inserted in order to make clear the intended scope of the coverage; the plaintiff must plead that the death was by accidental means and as proof that it was suicidal would directly negative that allegation, evidence of this fact may be given under a denial. *New York Life Ins. Co.* v. *Gamer* (United States Supreme Court) 58 Sup. Ct. Rep. 500, 503; *Radius* v. *Travelers Ins. Co.,* 87 Fed. (2d) 412; *Fidelity & Casualty Co.* v. *Driver,* 79 Fed. (2d) 713; *Travelers Ins. Co.* v. *Wilkes,* 76 Fed. (2d) 701; *Whitlatch* v. *Fidelity & Casualty Co.,* 149 N. Y. 45, 44 N. E. 1129; *Kresse* v. *Metropolitan Life Ins. Co.,* 111 N. J. L. 474, 168 Atl. 634; *Watkins* v. *Prudential Ins. Co.,* 315 Pa. St. 497, 173 Atl. 644; *De Reeder* v. *Travelers Ins. Co.,* 329 Pa. St. 328, 198 Atl. 45; *Griffith* v. *Continental Casualty Co.,* 299 Mo. 426, 444, 253 S. W. 1043.

The defendant should properly, as the plaintiff

claims, have confined its denial of the fourth paragraph of the complaint to the only fact that it could or intended to contest, that the death was due to accidental means. The impropriety of its denial of the entire paragraph might have subjected it to a penalty; General Statutes, § 5514; but this would not preclude it from taking advantage of the defense that the death of the deceased was suicidal. Nor does the situation fall within the rule of pleading in actions upon insurance policies that the plaintiff need allege only general compliance with all conditions precedent and that the defendant must affirmatively set up any failure to comply with such conditions upon which it proposes to rely. *Harty* v. *Eagle Indemnity Co.*, 108 Conn. 563, 565, 143 Atl. 847.

The plaintiff contends, however, that even though there was no necessity that the defendant affirmatively allege the death to have been suicidal, there is a presumption against suicide, the effect of which as applied in this case would be to place upon the defendant the burden of proof of that defense, and that the defendant was obligated to overcome the effect of that presumption by at least a fair preponderance of the evidence. The decisions of the courts as regards the existence and effect of such a presumption rather justifies the comment quoted in *Watkins* v. *Prudential Ins. Co.*, supra, 507, that they reveal "a welter of loose language and discordant decisions concerning presumptions" and we may adopt the statement in *Selover* v. *Aetna Life Ins. Co.*, 180 Wash. 236, 242, 38 Pac. (2d) 1059, that to attempt to review the many cases discussing the effect of such a presumption would be "profitless, for it would do no more than to substantiate our statement that the holdings are in hopeless conflict." In at least one jurisdiction the existence of such a presumption is denied, there being, the court

states, at most "merely a permissible consideration of the nonprobability of death by suicide." *Watkins* v. *Prudential Ins. Co.*, supra, 505. The basis of any such presumption must be "the common knowledge, which may be noted without proof by a judge and jury, that sane persons do not ordinarily kill themselves." *Travelers Ins. Co.* v. *Wilkes,* supra, 704; *Mallory* v. *Travelers Ins. Co.*, 47 N. Y. 52, 54; *Grosvenor* v. *Fidelity & Casualty Co.*, 102 Neb. 629, 631, 168 N. W. 596; *Reynolds* v. *Maryland Casualty Co.*, 274 Mo. 83, 96; *Order of United Commercial Travelers* v. *Watkins,* 38 Ohio App. 420, 429, 176 N. E. 469. Whatever may be the holdings elsewhere, this fact would bring such a presumption within the category of those which under our law exhaust themselves as presumptions when substantial countervailing evidence is produced upon the trial, leaving merely the circumstances which gave rise to the presumption to be considered with the other evidence in the case as a basis for any proper inferences. *O'Dea* v. *Amodeo,* 118 Conn. 58, 61, 170 Atl. 486; *Vincent* v. *Mutual Reserve Fund Life Asso.,* 77 Conn. 281, 290, 58 Atl. 963; *Comley, State's Attorney, ex rel. Fitzroy* v. *Trustees of Firemen's Relief Fund,* 122 Conn. 650, 658, 191 Atl. 729; see note, 95 A. L. R. 887. The instant case was tried out, there was no direct evidence as to the manner in which the deceased came to be upon the railroad track, but there were circumstances indicating that his death was suicidal. The burden to prove that the death was by accidental means was upon the plaintiff and she was not entitled to have any presumption against suicide considered in determining that issue as the case was tried, though the "non-probability of death by suicide" was a consideration to be weighed by the trial court with the other circumstances in evidence in arriving at its decision.

Without rehearsing in detail the careful findings of the trial court, it suffices to state the following facts: The deceased had neither family nor financial troubles. He was normally cheerful and had never been known to suggest suicide. He had been discharged from a hospital about a month before his death after an operation for hernia and he was then in good physical condition and normal spirits. He did begin thereafter to drink to excess. On the night of October 5th he stayed away from home without notifying his wife, returned home the next day, but left in the evening, and his wife heard nothing of him thereafter until on the morning of October 17th he was found dead on the railroad track. He spent some of this time in a hotel in New Haven and was drinking heavily. On the afternoon of October 16th he appeared at a barbershop near his home and had a shave and hair cut. He was sober and seemed in good spirits and health. He was not thereafter seen alive. He was found dead on the railroad track about 7 o'clock the next morning, on or near a short cut used to reach a Polish settlement to which he had been known to go, although no visits later than two years prior to the accident were shown to have been made. From the point where the body was found there was a clear view of the track for a half mile in either direction. He had been lying on the rails as the train approached. He had in his pocket a package containing a piece of new window sash cord nine feet long. How he came to be there and in that position was not found, because as the memorandum of decision shows, there was no direct evidence nor facts from which the court was able to draw proper inferences.

The trial court in its memorandum of decision states that there were three possibilities to account for his position: either he had been placed there by an evil-

doer, he had deliberately lain down on the track, or he had fallen and stunned himself. The memorandum of the trial court shows that it took into account the fact that men do not ordinarily commit suicide except for some reason and that none appeared in this case, and that it considered the fact of the deceased lying on the rails as the train approached as the circumstance of controlling weight. Taking into account, as the trial court did, the various possibilities suggested by the circumstances in evidence we cannot hold that it was not justified in concluding that the plaintiff had failed to sustain the burden of proof to show that the death was due to accidental means within the terms of the policy.

While the plaintiff has assigned as error several rulings on evidence made in the course of the trial, they are not referred to in the brief and we have therefore no occasion to discuss them.

There is no error.

In this opinion the other judges concurred.