FRANCIS J. O'BRIEN, CONSERVATOR *v.* THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued October 6—decided November 29, 1955

*Walter M. Pickett, Jr.,* with whom, on the brief, was *William J. Larkin, 2d,* for the appellant (defendant).

*Joseph F. Noonan,* with whom was *William G. Comiskey,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff, as conservator of the beneficiary of two life insurance policies, brought this action to recover the so-called double indemnities provided for in the contracts. Judgment was rendered for the plaintiff, and the defendant has appealed.

The finding of the court leaves much to be desired. But using it in such a manner as is warranted, we are confronted with the following facts: On October 30, 1935, the defendant issued two identical policies on the life of Mary V. Renca, each in the face amount of $250. Each policy provided in part: "Accidental Death Benefit Provisions. Upon receipt of due proof

that the Insured . . . has sustained bodily injury, solely through external, violent and accidental means, . . . and resulting, directly and independently of all other causes, in the death of the Insured . . . , the Company will pay in addition to any other sums due under this policy and subject to the provisions of this policy an Accidental Death Benefit equal to the face amount of insurance stated in this policy . . . except as provided below: Exceptions. . . . (2) No Accidental Death Benefit will be paid if the death of the Insured . . . is caused or contributed to, directly or indirectly, or wholly or partially, by disease, or by bodily or mental infirmity. . . ."

On March 1, 1954, the insured died as the result of a fractured skull sustained three days earlier from a fall on the floor of her home. At her death, Edward F. Renca, an incompetent under the conservatorship of the plaintiff, was the named beneficiary. The defendant has already paid the plaintiff the face amount of each policy, without prejudice to his right to institute the present action. The defendant has refused, however, to pay the additional benefit for accidental death.

The defendant's answer, after first admitting or denying the various allegations of the complaint, set forth two special defenses, of which only one need be mentioned. The pertinent part of that defense alleged that the death of Mary V. Renca "was caused and contributed to directly or indirectly by disease within the second exception of" the policies. The court ruled that the defendant had the burden of proving this special defense. The prime question presented by the appeal deals, as the defendant insists, with the correctness of this ruling.

The policies make it perfectly obvious that the

insurer did not intend to be responsible for double indemnities upon the happening of every accidental death. To limit the scope of the risk which it proposed to cover, the defendant stated in each policy that double indemnity would be payable only in those instances where the insured (1) sustained a bodily injury solely through external, violent and accidental means, and (2) thereafter died as a result of the injury, "independently of all other causes." If, in the policies before us, nothing more appeared on the matter under discussion, the burden, under this broad language, would have rested on the plaintiff to prove both (1) and (2), thus establishing that the sole proximate cause of Mrs. Renca's death was the bodily injury received on February 26. *O'Meara* v. *Columbian National Life Ins. Co.*, 119 Conn. 641, 644, 178 A. 357; *Stanton* v. *Travelers Ins. Co.*, 83 Conn. 708, 712, 78 A. 317.

There are, however, more provisions in the paragraph setting up the double indemnity agreement than those defining the scope of the insured risk. At the end of that paragraph the insurer proceeded to add a number of exceptions. These were obviously inserted for the purpose of withdrawing from the coverage certain specific risks. Thus, a risk which the insurer was unwilling to undertake was when the insured's death, however accidental it may have been, was, nevertheless, caused or contributed to, directly or indirectly, by disease. As suggested above, the phrase "independently of all other causes," in limiting the coverage, is so extensive that, in the absence of an exception touching the matter, there could be no liability for double indemnity unless the insured's death was due solely to an accidental bodily injury. But the use of exceptions alters the situation. By incorporating them

into the policies, the defendant concedes that the insured risk was defined so broadly that the addition of exceptions was necessary to limit its scope. In other words, the exceptions had the effect, upon the definition of the coverage, of adding to the phrase "independently of all other causes" the words "save those set forth in the exceptions." This result necessarily follows from applying the rule that when a policy is so framed as to leave room for two constructions, the words used in it should be interpreted most strongly against the insurer. *Rinaldi* v. *Prudential Ins. Co.*, 118 Conn. 419, 423, 172 A. 777.

The importance of the foregoing is that the plaintiff was entitled to recover upon proof of death from a bodily injury sustained solely by external, violent and accidental means, unless the defendant pleaded and proved that Mrs. Renca's death was caused directly or indirectly by disease. The burden of proving an exception to a risk is on the insurer. *Wojcik* v. *Metropolitan Life Ins. Co.*, 124 Conn. 532, 534, 1 A.2d 131; *Hill* v. *Employers' Liability Assurance Corporation*, 122 Conn. 193, 202, 188 A. 277; *Fogarty* v. *Fidelity & Casualty Co.*, 120 Conn. 296, 299, 180 A. 458; 6 Cooley, Insurance (2d Ed.) p. 5003; 8 Couch, Insurance, § 2217. In the case at bar the defendant failed to sustain this burden.

The plaintiff was, therefore, entitled to recover if the facts found supported the conclusion that Mrs. Renca's death was due to a bodily injury sustained solely through external, violent and accidental means. The defendant concedes that the fractured skull suffered by the insured was caused by external and violent means. It insists, however, that there was no basis for a finding that the means were also accidental. The success of this assertion hinges on the correctness of a ruling admitting into evidence

a letter sent to the plaintiff by a staff assistant in the defendant's employ. When the letter was offered, the defendant objected to its admission on the ground of irrelevancy and immateriality. The letter recited that "[a]ccording to the medical evidence in our possession, Mrs. Renca died of a fractured skull as the result of an accidental fall in her home." It then went on to state that the claim for double indemnity was rejected because there was no evidence then available to the defendant that the injury causing death was not independent of and exclusive of all other causes. The ruling of the court was correct. The letter was an admission by the defendant that Mrs. Renca's fall was accidental. See *Bucchi* v. *Gleason,* 137 Conn. 25, 31, 74 A.2d 212; *Sweeney* v. *Pratt,* 70 Conn. 274, 281, 39 A. 182. With the letter in evidence, and in view of the defendant's concession, mentioned above, the court was justified in finding that the death of the insured was the result of a bodily injury sustained solely through external, violent and accidental means.

There is no error.

In this opinion BALDWIN, WYNNE and DALY, Js., concurred.

INGLIS, C. J. (dissenting). I do not agree with the conclusion reached in the opinion that, under the terms of the policies, the burden of proving that disease contributed to the death of the insured was upon the defendant. It is always incumbent upon the person claiming under a policy of insurance to demonstrate that the loss came within the coverage stated in the policy. In the policies before us, the main coverage clause bound the defendant to pay double indemnity only in the event that the insured's death resulted, directly and independently of all

other causes, from bodily injury sustained solely through external, violent and accidental means. It did not purport to cover a death which was contributed to by any cause other than accidental injury.

The reasoning of the majority of the court rests upon the fact that there was appended to the coverage clause a so-called exception excluding death caused by disease. It is said that the burden is upon an insurer to prove that the death came within this exception. The answer to that is that the so-called exception in the policies in suit is not a true exception. It would not take out of the coverage any death which was included in the main coverage provision. Any death which is caused in part by disease is, of course, not a death which is caused solely by accident. The only purpose of the "exception" is to clarify, and emphasize the restriction of, the coverage which is prescribed in the main coverage clause. Consequently, the presence of the "exception" in the policies does not shift the burden of proof as to the cause of death to the defendant. It still remains for the plaintiff to satisfy the trier that disease was not a substantial factor in causing the death. *Wojcik* v. *Metropolitan Life Ins. Co.*, 124 Conn. 532, 535, 1 A.2d 131; *O'Meara* v. *Columbian National Life Ins. Co.*, 119 Conn. 641, 644, 178 A. 357.